REQUESTED BY: Dear Senator:
You refer to our opinions to Senator Warner concerning L.B. 1 and L.B. 5. You point out that we indicate L.B. 5, since it will be effective for the fiscal 1978-1979 year, might impair contracts and to that extent be ineffective. You ask whether or not L.B. 1 would also have the same difficulties. You further state that it is your understanding that statutes which impair contracts are unconstitutional. You ask then whether L.B. 1 has the same problem that exists with respect to L.B. 5 in impairing contracts.
L.B. 1, section 1, in part, provides:
 "Every political subdivision . . . may adjust . . . its budget . . . for the upcoming fiscal year."
(Emphasis added).
By virtue of the terms used in section 1, L.B. 1 will be effective prospectively only. L.B. 5 by its terms will apply to all fiscal years commencing in 1978-1979, whether they commence prior to or after the effective date of L.B. 5.
While L.B. 1 may affect fiscal years commencing in 1978, its effect will be on years commencing subsequent to its operative date. Certain contracts may have been entered into prior to the commencement of the fiscal year by subdivisions of government. If such contracts have been entered into to be executed during the fiscal year that contract by itself would have to require an expenditure of money which would itself constitute an amount above the limitation expressed in the statutes. The fact that contracts have been entered into which require an expenditure of money, will not result in an impairment by any lid bill where the contract itself does not require the subdivision to expend an amount greater than the authorized limit under the lid bill. For example, a contract might provide for an increase in salaries for more than seven percent, yet the subdivision might be able to pay such seven percent increase by not increasing its budget in excess of the limits authorized by the statute. While this may require that the subdivision lower expenses in other areas, it would not affect the particular contract under consideration.
A statute that impairs a contract may be unconstitutional with respect to that contract. The statute however, merely because it might impair a contract, is not unconstitutional on its face. It would only be unconstitutional as applied. Thus, a statute can be constitutionally adopted and can be effective with respect to most contracts and most relationships even though the possibility that it may impair a contract at some time exists. Should the impairment occur under the constitutional clauses of the United States and Nebraska, the contract itself would take precedence and the statute would be ineffective with respect to that particular contract, but not ineffective or unconstitutional simply because it impairs the contract.
In summation then, it is our opinion that L.B. 1 conceivably could have the same problem in impairing contracts that exist with L.B. 5. However that difficulty is not sufficient for us to conclude that the statute is or might be unconstitutional. We simply point out that where a valid contract has been entered into and the statute operates to foreclose the execution of that contract it would be ineffective as to that particular situation. Secondly, L.B. 1 will affect fiscal years commencing after its operative date. We believe this letter should clear up those questions you raised regarding our previous opinions.